UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

       - v -

                                    04-CR-30 (NAM)

RICHARD G. PATTERSON,

                Defendant.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| RICHARD G. PATTERSON a/k/a<br> Richard-Graham, family of Patterson<br>*Pro Se*<br>Onondaga County Justice Center<br>555 South State Street<br>Syracuse, New York 13202 | |
| ALEXANDER BUNIN<br>Federal Public Defender<br>*Stand-by Counsel for Defendant*<br>Clinton Exchange, 3rd Floor<br>4 Clinton Street<br>Syracuse, New York 13202 | James F. Greenwald, Esq. |
| GLENN T. SUDDABY<br>UNITED STATES ATTORNEY<br>Northern District of New York<br>P.O. Box 7198<br>100 South Clinton Street<br>Syracuse, New York 13261-7198 | Lisa M. Fletcher, Esq.<br>Assistant U.S. Attorney |

NORMAN A. MORDUE, District Judge

**MEMORANDUM- DECISION AND ORDER**

**I.    INTRODUCTION**

      Defendant is charged with 12 counts of wire fraud in connection with an alleged scheme to defraud investors in a charitable organization. From the outset of the government's prosecution of this case, defendant has proved to be uncooperative and non-

compliant with Court orders. Defendant fled the jurisdiction in March 2004 after being released on bail with conditions. Defendant was later arrested in Texas and has been detained pending trial since October 2004. Although defendant stated his intent to retain private counsel at an early point in this prosecution, counsel from the Federal Public Defender's Office has appeared for or with defendant at each scheduled Court appearance. Upon his re-arrest and detention, defendant's commentary and behavior during court appearances resulted in questions being raised about his mental competency to stand trial. After a full competency hearing, however, Magistrate Judge Lowe determined that defendant was indeed competent not only to stand trial but also to waive appointed legal counsel if he so chose.

This Court adopted Magistrate Lowe's Report and Recommendation concerning defendant's competency in June 2004 after a series of hearings in which defendant complained about lack of access to non-existent documents or "contracts" which prove the "real" relationship between the Federal Public Defender's Office and the United States government. Because the perceived issue of a contractual relationship between appointed counsel and the government was not resolved to defendant's satisfaction, he declined to accept Mr. Greenwald's continued representation in this matter. However, defendant also refused to declare that he wished to proceed *pro se*. Instead, defendant stated to the Court that: 1) he is not the defendant, Richard Graham Patterson, named in this matter, but rather "Richard Graham, family of Patterson"; 2) he is not a person, but rather a "living soul," "natural born, free and sovereign," possessed of "unalienable rights" and having "no obligation to the United States or any subdivision thereof;" and 3) he has no Social Security number. Based thereupon, defendant requested that his status with the Court be deemed

"*pro pria persona*," which, according to defendant, means he is "standing as himself." Since the Court could discern no legally significant difference between a defendant who "stands as himself" and one who stands before the Court *pro se,* the Court accepted defendant's request to proceed *pro se,* but ordered Mr. Greenwald to continue as stand-by counsel.

While the Court's determination of defendant's competency and representation status was still pending, defendant began filing and has continued to file motions, letters, other written and oral submissions objecting to the jurisdiction of this Court over the present prosecution. The Court now addresses defendant's various dispositive motions and requests for relief.

## II.    DISCUSSION

Defendant advances principally three arguments in support of dismissal. First, he contends that he was denied substantive due process because he was never notified of the grand jury proceedings against him which resulted in the present indictment and criminal prosecution. In connection with this argument, defendant argues that the Federal Bureau of Investigation ("FBI") which conducted the investigation in this case and presented evidence and testimony before the grand jury lacks "constitutional jurisdiction" to investigate or "bother" citizens "in the several states." Secondly, defendant contends that the statutory "speedy trial" clock has lapsed on his prosecution. Finally, defendant asserts that this Court lacks subject matter jurisdiction over him and this case. The basis for defendant's jurisdiction argument is somewhat unintelligible. Generally speaking, however, defendant claims that he is a "sovereign" not subject to the jurisdiction of the United States, that the United States District Courts are not lawful courts under the United States Constitution, and

finally, that the "United States of America," as used by the government and Court to identify the prosecuting party in the caption of the indictment, and all papers filed herein is a fraudulent entity with no authority. Indeed, defendant asserts that only the "United States," the "original" and legitimate entity, has jurisdiction over crimes and offenses committed in the "several states party to the Constitution."

To the extent that defendant's first and third arguments may be considered potential legal impediments to prosecuting defendant for the crimes charged in the indictment, the Court finds it unnecessary to address the merits of these claims. In the absence of legal, administrative or other authority suggesting that the United States and its various agencies, including the FBI, is not authorized to investigate and prosecute persons suspected of committing federal crimes within the boundaries of the United States and submit evidence of such suspected crimes to federal grand juries in accordance with the laws of said States, defendant's arguments are specious. Moreover, there is no factual or legal basis for defendant's claims that he is not the defendant named herein, that he is not a person, that he is not subject to the jurisdiction of the United States, that the United States District Courts are not lawful or valid courts or that the "United States of America" is legally or substantively distinguishable from the "United States."

Insofar as defendant's claim that the speedy trial clock has run out on the present prosecution, he is mistaken. Given the government's initial motion for detention, resolution of said motion, defendant's subsequent flight from the jurisdiction, his ultimate apprehension and the series of pre-trial motions by the government and defendant which followed, in addition to the extended period in which the questions of defendant's mental fitness to stand trial and willingness to accept appointed counsel were pending, the majority

of time which has elapsed since the indictment issued in this case is excluded from speedy trial calculations. Indeed, by the Court's assessment, only 60 days have actually elapsed on defendant's speedy trial clock. The government is therefore well within the legal time limit for completing the present prosecution.

### III.  CONCLUSION

Based on the foregoing, the Court DENIES all motions, letters, written and oral requests submitted by defendant for dismissal of the indictment based on lack of jurisdiction, speedy trial, due process or other considerations.

As a final note, events have transpired since defendant submitted the present motions which will impact the scheduling of a trial in this matter. The government has advised the Court this week of a potential conflict of interest on the part of plaintiff's stand-by counsel, Mr. Greenwald. To wit, a potential government witness is facing separate criminal charges, in which he is also represented by Mr. Greenwald. Consequently, the Court will conduct a hearing on September 7, 2005, at 10:00 a.m. to appoint new stand-by counsel for defendant. Based on these recent developments, defendant's speedy trial clock will continue to be stalled until the issue of appointing new stand-by counsel for defendant has been resolved.

IT IS SO ORDERED.

Dated: August 26, 2005
       Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
U.S. District Judge